United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Domo Development Corp., Plaintiff, | ) |
| | ) Civil Action No. 19-24355-Civ-Scola |
| v. | ) (Consolidated Case No. 19-22953, |
| | ) *David J. Nepo v. John Domo*) |
| David J. Nepo, Defendant. | ) |

## **Order Denying Motion for Summary Judgment**

In these consolidated cases, the parties' quarrels stem from the unraveling of a business arrangement involving Eurobond debt financing to facilitate the purchase of land for hemp farming. David J. Nepo, as Plaintiff in the 19-22953 case, complains John Domo, the Defendant in that case, failed to pay him all of the $485,000 Domo promised him for his services in securing debt financing for what Nepo describes as Domo's cannabis business throughout the United States. (*Nepo v. Domo*, 19cv22953-RNS, DE 1 ("Nepo's breach of contract case").) Through that case, Nepo seeks to recover $120,000 he says Domo owes him. Domo Development Corp. ("Domo Corp."), on the other hand, as Plaintiff in the 19-24355 case, maintains Nepo failed to repay a loan, evidenced by a promissory note. (Am. Compl., ECF No. 6 ("Domo Corp.'s promissory note case").) In that case, Domo Corp. seeks to recover $100,000, for Nepo's breach of the promissory note or, alternatively, based on unjust enrichment. Nepo now asks the Court to grant summary judgment in his favor, on all counts, in both cases, arguing there are no genuine issues as to any material facts and that, therefore, he is entitled to a judgment in his favor, on all claims, as a matter of law. (Nepo's Summ. J. Mot., ECF No. 31.) Domo and Domo Corp. (the "Domo Parties") have responded, jointly, maintaining that Nepo has failed to meet his initial burden of showing there are no genuine issues of material fact to be decided at a trial. (Domo Parties' Resp., ECF No. 34.) The Domo Parties further point out that Nepo himself has conceded there are genuine issues of material fact. Nepo, in turn has replied, insisting the Domo Parties' version of events is so fanciful that no rational trier of fact would find on their behalf. (Nepo's Reply, ECF No. 36.) After a thorough review of the filings and record in this case, the Court finds Nepo has failed to show that there are no genuine issues of material fact or that he is entitled to judgment as a matter of law and, therefore, **denies** his motion (**ECF No. 31**.)

**1. Facts**

It appears most of the salient facts are disputed. For example, the parties disagree as to the very nature of their business relationship. Nepo says he and Domo, in the fall of 2018, entered into an arrangement in which Nepo, through his company, and for a fee of $500,000, was going to assist Domo in structuring a secured-debt instrument for a cannabis business, to be conducted through a company Domo owned.  (Nepo's Stmt. of Facts ¶¶ 1–2, ECF No. 31-2; Nepo's Reply Stmt. ¶¶ 1–2.) Domo disputes this. (Domo Parties' Stmt. of Facts ¶¶ 1–2, ECF No. 35, 2.) Domo says the agreement was not, in fact, between Nepo and Domo, personally. (*Id.*; Domo Parties' Add'l Facts ¶ 1, ECF No. 35, 5) Instead, Domo explains, the agreement was between two companies they each owned: Nepo's Hedge Debt Equity Trade LLC and Domo's Leading Edge Investments, LLC. (Domo Parties' Add'l Facts ¶ 1.) Domo says that, under an oral agreement between the two companies, Hedge Debt was to assist Leading Edge in obtaining Eurobond debt financing. (*Id.*) Domo further explains that the two companies agreed that, if Hedge Debt was successful in obtaining the debt financing and if, as a result, Leading Edge ultimately executed definitive financing documents providing for a loan on terms acceptable to Leading Edge, then Leading Edge would pay approximately $500,000 to Hedge Debt. (*Id.* ¶ 2.)

Of course, the parties also disagree as to whether either side performed. To support his claim that he is owed $120,000 out of the final amount that Domo was supposed to pay him, Nepo details a series of payments and loans he received from two of Domo's companies: Domo Corp. and another company, Be True productions, LLC. (Nepo's Stmt. ¶¶ 3–13.) In conjunction with these various payments, Nepo points to certain communications with Domo that coincided with the transfer of those funds—communications that he says show he must have been performing because those progress reports and invoices prompted Domo, periodically, to pay him, without objections. (*Id.*) Conversely, Domo says Hedge Debt failed to ever deliver the funding of the debt financing and never provided a facility agreement that was acceptable to or executed by Leading Edge. (Domo Parties' Add'l Facts ¶ 2.) Accordingly, says Domo, he owes Nepo nothing.

The parties' have more common ground with respect to the promissory notes. They agree Nepo executed and delivered two promissory notes: one to Domo's company, Be True, for $150,000; and another—the note at issue in this case—to Domo Corp.. for $100,000. (Nepo's Stmt. ¶¶ 3–4; Domo Parties' Stmt. ¶¶ 3–4.) The parties also agree that the funds were wired to Hedge Debt: the first in early December 2018, the second at the end of December. (Nepo's Stmt.

¶¶ 5–6; Domo Parties' Stmt. ¶¶ 5–6.) Where the parties' stories begin to diverge, is how they each characterize the loans. Nepo maintains Domo agreed to "release the two Notes" as he had "received the value of the agreed work." (Nepo's Stmt. ¶ 9.) Domo Corp., conversely, says Nepo, or Hedge Debt, never earned any portion of the agreed upon fee and, further, the promissory notes reflected personal loans that "were separate and apart from the [parties'] oral business arrangement." (Domo Parties' Add'l Facts ¶¶ 2–3.) According to Domo Corp., there was never any agreement that either of the notes "would be canceled or be used as part of any payment for Hedge Debt's services to Leading Edge." (*Id.* ¶ 4.)

The parties also disagree about how the notes were executed and whether Domo destroyed the originals. Nepo says Domo "canceled and destroyed the Notes at [a] February 12, 2019, meeting." (Nepo Stmt. ¶ 11.) Nepo also maintains that neither he nor Domo or Domo Corp. has produced the original Domo Corp. note. (*Id.* ¶ 12.) According to Nepo, he hand-signed an original of the Domo Corp. note, which he personally delivered to Domo on January 3, 2019. (Nepo's Reply Stmt. ¶ 6–7.) Domo denies destroying either note and says his attorney is in possession of both originals. (Domo Parties' Stmt. ¶¶ 11–12.) Domo also says the notes were executed electronically, never wet-signed, and that Nepo only gave him a printout of the electronically signed note. (Domo Parties' Add'l Facts ¶ 7–8.)

### 2. Legal Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970), and it may not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the record as a whole could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and

present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 248 (citation omitted). "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." *Maddox-Jones v. Bd. of Regents of Univ. of Ga.*, 2011 WL 5903518, at *2 (11th Cir. Nov. 22, 2011). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita*, 475 U.S. at 586.

### 3. Analysis

Nepo submits the record shows definitively that (1) Domo paid him $365,000 but still owes another $120,000 for Nepo's services and (2) Nepo does not owe anything to Domo Corp. under the Domo Corp. promissory note. (Nepo's Mot. at 2.) The Domo Parties counter that Nepo's motion ultimately fails because there are genuine issues of material facts as to (1) the material terms of the oral agreement; (2) the identification of the parties bound by the oral agreement; (3) whether Nepo or his company actually performed under the agreement; and (4) whether the Domo Corp. note was canceled. (Domo Parties' Resp. at 3, 10.) After review, the Court readily agrees with the Domo Parties that genuine issues of material fact remain for determination through a trial in these consolidated cases.

### A. Nepo is not entitled to summary judgment on his breach-of-contract claim against Domo.

In support of his claim that he is entitled to summary judgment on his breach-of-contract claim against Domo, Nepo portrays the record as conclusively establishing the terms of an agreement between Nepo and Domo and that Domo acknowledged owing Nepo $120,000 "for the remainder of work." (Nepo Mot. at 6.) The Court disagrees with Nepo's characterization of the record and, further, finds Domo has presented, in response, competent evidence demonstrating genuine issues for trial as to Nepo's breach-of-contract claim.

To begin with, the Court does not find Nepo's evidence compels the conclusion that Domo, individually, "owes $120,000 for Mr. Nepo's services." (Nepo Mot. at 2.) Nepo himself recites that he did not directly receive any payments from Domo, individually. Instead he describes a series of wire transactions between Nepo's company, Hedge Debt, and Domo's companies, Be True, Domo Corp., and Leading Edge. This raises doubts about whether there

was agreement between Nepo and Domo personally or whether the agreement only involved the parties' companies.

Detracting further still, from the notion that there are no genuine issues of material fact as to the particulars of the putative contract in this case, is the evidence submitted by Domo in opposition to Nepo's motion. For example, Nepo's declaration that he and Domo personally entered into a contract with one another, which is unsupported by any written evidence, is directly countered Domo's declaration to the contrary. Further, although Nepo points to an invoice he says he prepared and emailed to Domo to show that Domo owes him $120,000 "for the remainder of the work," Domo refutes this by testifying that Hedge Debt failed to ultimately deliver debt financing, as required under the alleged agreement between Leading Edge and Hedge Debt. Accordingly, says Domo, no further amounts are owed.

Simply put, on this record, even without viewing the record in the light most favorable to the nonmovant, the Court cannot determine who the parties to the contract actually were, whether those parties ever had a meeting of the minds as to the essential terms of that agreement, or to what extent the parties performed. Even Nepo himself acknowledges "blatant contradict[ions in] the summary-judgment record."[1] (Nepo's Reply at 2.) Accordingly, the Court finds a bounty of genuine issues of material fact as to Nepo's breach-of-contract claim that can only be determined through a trial. *See, e.g.*, *Absorbezz, L.L.C. v. Hierseman*, 19-61442-CIV, 2020 WL 6870862, at *2 (S.D. Fla. Aug. 21, 2020) (Cooke, J.) (denying summary judgment were there was "conflicting testimony concerning" the particulars of the agreement between the parties).

### B. Nepo is not entitled to summary judgment on Domo Corp.'s breach-of-promissory-note claim.

Nepo's contention that he is entitled to summary judgment on Domo Corp.'s breach-of-a-promissory-note claim is meritless. His argument boils down to his insistence that "the *only* legitimate and justifiable inference from the record is that Domo cannot produce the original Domo Development note because it was canceled and destroyed by Mr. Domo." (Nepo's Reply at 6 (emphasis added).) Domo Corp.'s position, in contrast, is that (1) Ohio law applies based on the choice-of-law provision in the note; (2) under Ohio law,

---

[1] Throughout his reply, Nepo uses colorful language to disparage the Domo Parties' version of the facts. He characterizes the Domo Parties' version, variously, as a "tall tale," "fairy stories," a "cockamamie yarn," a "fish story," and a "cock and bull story." Such extreme language is rarely, if ever, persuasive. Furthermore, after fully reviewing the record in this case, the Court finds very little about either party's description of their underlying business arrangements to make much sense.

the original note is not required to prevail on a breach-of-promissory-note claim; (3) but, even if Ohio law did not apply, Nepo executed the note electronically and the "original" that Nepo gave him was a copy of that electronically executed document; and (4) even Nepo concedes that whether the note was destroyed at the parties' February 12 meeting is in dispute. (Domo Partis' Resp. at 12, 16.) The Court disagrees with Nepo: there are multiple inferences the Court could reach from this record; but Nepo's entitlement to summary judgment is not one of them.

### C. Nepo is not entitled to summary judgment on Domo Corp.'s unjust-enrichment claim.

Nepo submits he is entitled to summary judgment on Domo Corp.'s unjust-enrichment claim because (1) that claim is covered by its breach-of-promissory-note claim; and (2) it is undisputed that Nepo performed under the contract and was owed the $100,000. (Nepo's Mot. at 7.) As to Nepo's first point, the Court disagrees. Should Nepo ultimately prevail on Domo Corp.'s breach-of-promissory-note claim, Domo Corp. should be able to go forward with its unjust-enrichment claim. In other words, Domo Corp. can plead these two claims in the alternative. *See Aron Sec. Inc. v. ADT LLC*, 19-80420-CIV, 2020 WL 4464701, at *3 (S.D. Fla. July 6, 2020) (Dimitrouleas, J.) ("Until the resolution of [the plaintiff's] breach of contract claim, the Court declines to dismiss [its] alternative claim . . . for unjust enrichment"); *Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1296 (N.D. Ga. 2018) ("While a party, indeed, cannot *recover* under both a breach of contract and unjust enrichment theory, a plaintiff may plead these claims in the alternative.") (quotation omitted).

Nepo's second point also misses the mark. While Nepo has submitted evidence from which one might be able to infer he performed under the parties' agreement, the record, as detailed above, shows this inference is anything but undisputed.

### 4. Conclusion

For the reasons set forth above, Nepo has not established his entitlement to any of the claims in either of these consolidated cases. The Court, therefore, **denies** his motion (**ECF No. 31**).

As Nepo points out in his recently filed unopposed motion for clarification of the Court's scheduling order, Nepo's breach-of-contract case (19-22953) is a jury trial, while Domo Corp.'s promissory-note case (19-24355) is a non-jury trial. Further, trial in these consolidated cases is currently set for the two-week trial period beginning on March 29, 2021. But, based on the

Court's February 10, 2021, eighth order concerning jury trials, this date will have to be reset to, at the earliest, May 10, 2021, with respect to Nepo's breach-of-contract jury case. Domo Corp.'s case, however, since it is a non-jury trial, may proceed as scheduled. The Court will therefore bifurcate the trial of these two consolidated cases, with the 19-24355 non-jury case to proceed as scheduled and the 19-22953 jury case reset to May 10, 2021. The Court will enter a separate order, bifurcating these cases for trial and amending the scheduling order as to Nepo's breach-of-contract case. Accordingly, the Court **grants** Nepo's motion for clarification. (**ECF No. 38**.)

**Done and ordered** at Miami, Florida, on February 23, 2021.

_____
Robert N. Scola, Jr.
United States District Judge