United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Domo Development Corp., Plaintiff, | ) |
| | ) Civil Action No. 19-24355-Civ-Scola |
| v. | )   (Consolidated Case No. 19-22953, |
| | )      *David J. Nepo v. John Domo*) |
| David J. Nepo, Defendant. | ) |

### **Order Denying Motion for Reconsideration**

In these consolidated cases, the parties' quarrels stem from the unraveling of a business arrangement involving Eurobond debt financing to facilitate the purchase of land for hemp farming. David J. Nepo, as Plaintiff in the 19-22953 case, complains John Domo, the Defendant in that case, failed to pay him all of the $485,000 Domo promised him for his services in securing debt financing for what Nepo describes as Domo's cannabis business throughout the United States. (*Nepo v. Domo*, 19cv22953-RNS, DE 1 ("Nepo's breach-of-contract case").) Through that case, Nepo seeks to recover $120,000 he says Domo owes him. Domo Development Corp. ("Domo Corp."), on the other hand, as Plaintiff in the 19-24355 case, maintains Nepo failed to repay a loan, evidenced by a promissory note. (Am. Compl., ECF No. 6 ("Domo Corp.'s promissory note case").) In that case, Domo Corp. seeks to recover $100,000, for Nepo's breach of the promissory note or, alternatively, based on unjust enrichment. Because the Court found the two cases shared common issues of law and fact, it consolidated them in this, the 19cv24355-RNS, case "for purposes of discovery and trial." (Order Consol. Cases, ECF No. 19.)

As the trial date neared, Nepo sought clarification from the Court regarding how the Court intended to handle the trial in this matter in light of the fact that Nepo's case against Domo is to be tried to a jury and Domo Corp.'s case against Nepo is to be tried as a bench trial. (Nepo's Mot. for Clarif., ECF No. 38.) Importantly, Nepo asked the Court to "confirm[] Nepo's right to a jury trial at least as to his claim" against Domo. (*Id.* at 3.) Nepo also requested clarification as to whether the previously set trial date of March 29, 2021, would be reset in light of the Court's eighth order continuing all jury trials because of the COVID-19 pandemic. (*Id.*)

The Court responded, within its order denying Nepo's motion for summary judgment, acknowledging that Nepo's breach-of-contract case against Domo would indeed be heard by a jury and that Domo Corp.'s promissory-note case against Nepo would be heard as a bench trial. (Order, ECF No. 39, 6–7.) In bifurcating the trial of the two cases, the Court also informed the parties that

Domo Corp.'s promissory-note case would be unaffected by the Court's continuation of all jury trials and would, therefore, proceed as scheduled, but that Nepo's breach-of-contract case would be necessarily continued. (*Id.*)

Nepo now asks the Court to reconsider granting him the relief he requested. In doing so, he maintains that proceeding with Domo Corp.'s claims against Nepo first, without a jury, would violate Nepo's right to a jury trial in his case against Domo. (Nepo's Mot. at 6.) In support of his position, Nepo points to the "significant common issues, witnesses, facts, and evidence between" between the two cases. (*Id.*) He complains that if the Court first finds in Domo Corp.'s favor in Domo Corp.'s non-jury, promissory-note case against him, Nepo will have been deprived of his right to have a jury decide whether "Domo destroyed the Domo [Corp.] Note" in his case against Domo. In arguing his point, Nepo points to the requirement, under Federal Rule of Civil Procedure 42(b), that a court "preserve any federal right to a jury trial" in exercising its discretion to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." As Nepo points out, "where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed . . . by a court trial of a common issue existing between the claims." *Ross v. Bernhard*, 396 U.S. 531, 537–38 (1970).

While the Court has no quarrel with the legal principles Nepo relies on, the Court nonetheless finds he has failed to establish the applicability of those principles to this case. To begin with, though the Court has consolidated these cases—which are not between the same parties—for the purposes of efficiency, Nepo does not explain how this administrative consolidation has resulted in these separate cases now being merged into what would be considered the "same action." Furthermore, and more importantly, Nepo waived his right to a jury trial "in each and every action on th[e] promissory note." (Compl., Ex. B., Prom. Note, ECF No. 6-2.) In his answer to the complaint and in his reply in support of his motion for reconsideration, Nepo acknowledges executing the promissory note and affirms that its terms, including the jury-trial-waiver provision, speak for themselves. (Nepo's Ans. ¶ 8a, ECF No. 16, 2; Nepo's Reply at 2 (acknowledging that "the promissory note . . . contains a provision by which each party waived the right to a jury trial in an action on the note")).) Nepo has not convinced the Court that any of the legal principles he relies on would apply to this case where (1) the Court consolidated two separate cases for the sake of efficiency; (2) the right to a jury was waived; and (3) the cases involve different parties.

Accordingly, the Court **denies** Nepo's motion for reconsideration. (**ECF**

**No. 41**.)

**Done and ordered** at Miami, Florida, on March 5, 2021.

_____
Robert N. Scola, Jr.
United States District Judge